UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Mary Theresa Arcudi | : | |
| 4 Whitney Rd. | : | Civil Action # _____ |
| Hopedale, MA 01747 | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| TopBuild Corp. | : | |
| 475 N Williamson Blvd. | : | |
| Daytona Beach, FL 32114 | : | |
| And | : | |
| Topbuild Home Services, Inc. | : | |
| 475 N Williamson Blvd. | : | |
| Daytona Beach, FL 32114 | : | |
| Defendant | : | |

## COMPLAINT

### PARTIES

1. Plaintiff, Mary Theresa Arcudi, is a resident of the Commonwealth of Massachusetts, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, TopBuild Corp., is a business entity of the State of Florida, with a business address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, Topbuild Home Services, Inc., is a business entity of the State of Florida, with a business address listed in the caption of this Complaint.

### JURISDICTION

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Mary Theresa Arcudi, is a citizen of Massachusetts and the Defendants, TopBuild Corp. and Topbuild Home Services, Inc., are corporate entities in

Florida and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. The Court has jurisdiction over this claim against the Defendants, TopBuild Corp. and Topbuild Home Services, Inc., for money damages pursuant to 28 U.S.C. § 1332.

**FACTS**

6. On or about October 1, 2018, at approximately 1:30 p.m., Plaintiff, Mary Theresa Arcudi, was the operator of a motor vehicle which was traveling at or near the intersection of Fortune Blvd. & Cedar St., in Milford, MA.

7. At or about the same date and time, a driver for TopBuild Corp. & Topbuild Home Services, Inc., was the operator of a motor vehicle, owned by Defendants, TopBuild Corp. & Topbuild Home Services, Inc., which was traveling at or near the aforesaid intersection and/or the location of Plaintiff's vehicle.

8. At or about the same date and time, Defendants' vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end Plaintiff's vehicle.

10. At all times relevant hereto, upon information and belief, a driver for TopBuild Corp. & Topbuild Home Services, Inc., was operating the aforementioned defendants, TopBuild Corp. & Topbuild Home Services, Inc.'s motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

11. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

12. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the neck and upper back, as well as headaches and a concussion, as set forth more fully below.

## COUNT I – NEGLIGENT ENTRUSTMENT
### Mary Theresa Arcudi v. TopBuild Corp.

13. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

14. The negligence and/or carelessness of Defendant, TopBuild Corp., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting a driver for TopBuild Corp. to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting a driver for TopBuild Corp. to operate the motor vehicle when Defendant, TopBuild Corp., knew, or in the exercise of due care and diligence, should have known that a driver for TopBuild Corp., was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, TopBuild Corp., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to a driver for TopBuild Corp.'s negligent operation of the motor vehicle.

15. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and

injuries, including to the neck and upper back, as well as headaches and a concussion, all to Plaintiff's great loss and detriment.

16. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

18. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

19. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

### COUNT II – RESPONDEAT SUPERIOR
**Mary Theresa Arcudi v. TopBuild Corp.**

21. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

22. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency,

which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

    a. Rear-ending Plaintiff's vehicle while Plaintiff was stopped for a red traffic signal;

    b. Operating his/her vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

    d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

    e. Failing to have said vehicle under proper and adequate control;

    f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g. Failure to keep a proper lookout;

    h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

    i. Being inattentive to his/her duties as an operator of a motor vehicle;

    j. Disregarding traffic lanes, patterns, and other devices;

    k. Driving at a high rate of speed which was high and dangerous for conditions;

    l. Failing to remain continually alert while operating said vehicle;

    m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    p. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    r. Driving too fast for conditions;

    s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

23. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including to the neck and upper back, as well as headaches and a concussion, all to Plaintiff's great loss and detriment.

24. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

26. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

27. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

### COUNT III – NEGLIGENT ENTRUSTMENT
### Mary Theresa Arcudi v. Topbuild Home Services, Inc.

29. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

30. The negligence and/or carelessness of Defendant, Topbuild Home Services, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting a driver for Topbuild Home Services, Inc., to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

    b. Permitting a driver for Topbuild Home Services, Inc., to operate the motor vehicle when Defendant, Topbuild Home Services, Inc., knew, or in the exercise of due care and diligence, should have known that a driver for

      Topbuild Home Services, Inc., was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Topbuild Home Services, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to a driver for Topbuild Home Services, Inc.'s negligent operation of the motor vehicle.

31. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including to the neck and upper back, as well as headaches and a concussion, all to Plaintiff's great loss and detriment.

32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

34. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

35. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

**COUNT IV – RESPONDEAT SUPERIOR**
**Mary Theresa Arcudi v. Topbuild Home Services, Inc.**

37. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

38. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

  a. Rear-ending Plaintiff's vehicle while Plaintiff was stopped for a red traffic signal;

  b. Operating his/her vehicle into Plaintiff's lane of travel;

  c. Failing to maintain proper distance between vehicles;

  d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

  e. Failing to have said vehicle under proper and adequate control;

  f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

  g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

i. Being inattentive to his/her duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a high rate of speed which was high and dangerous for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

r. Driving too fast for conditions;

s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

39. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including to the neck and upper back, as well as headaches and a concussion, all to Plaintiff's great loss and detriment.

40. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

41. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

42. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

43. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

44. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

## PRAYER FOR RELIEF

45. Plaintiff, therefore requests a judgment in Plaintiff's favor and against Defendant for compensatory damages and such other relief as this court deems just and proper.

                                         Respectfully submitted,

                                         SIMON & SIMON, P.C.

Dated:

                                BY: _*Adam Holtman*_____
                                       Adam Holtman, Esquire
                                       BBO# 695758

                                       SIMON & SIMON, P.C.
                                       Attorneys for Plaintiff
                                       114 State Street, 4th Floor
                                       Boston, MA 02109
                                       857-233-0559
                                       adamholtman@gosimon.com